FILED

DEC 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THOMAS A. BERG; et al.,

Plaintiffs - Appellants,

v.

HONEYWELL INTERNATIONAL, INC.
and HONEYWELL, INC.,

Defendants - Appellees.

No. 11-35001

D.C. No. 3:07-cv-00215-JWS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Argued and Submitted August 28, 2012
Anchorage, Alaska

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Thomas Berg, Ryne Linehan, Nayer Mahmoud, Stanley Smith, and Thomas

Berg (collectively, "Relators") appeal the dismissal of their qui tam action against

Honeywell International, Inc. and Honeywell, Inc. (collectively, "Honeywell"),

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

under the False Claims Act ("FCA"), 31 U.S.C. § 3729–3733. The facts are well known to the parties and we do not repeat them here.

The district court held that it lacked jurisdiction over Relators' action under the FCA because the Army Audit Agency ("AAA") reports and the Government Accountability Office ("GAO") report were "public disclosures" under 31 U.S.C. § 3730(e)(4)(A) and Relators did not qualify as "original sources" under § 3730(e)(4)(B). We review de novo a district court's determination that it lacks subject matter jurisdiction under § 3730(e)(4)(A). *United States ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1198 (9th Cir. 2009).

The "public disclosure bar" of the FCA provides that

> No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the . . . person bringing the action is an original source.

31 U.S.C. § 3730(e)(4)(A)[1]. For the bar to prevent a court from exercising jurisdiction, there must have been (1) a "public disclosure" (2) of "allegations or

---

[1] In 2010, Congress amended § 3730(e)(4) and did not address retroactivity. Accordingly, we apply the previous version of § 3730(e)(4), which was in effect at the time of the filing of this action. *See Graham Cnty. Soil and Water Conservation Dist. v. United States ex rel. Wilson*, 130 S. Ct. 1396, 1400 n.1 (2010).

2

transactions" (3) in one of the three fora articulated in the statute (4) and the relator's action must be based upon that public disclosure. *United States ex rel. Lindenthal v. Gen. Dynamics Corp.*, 61 F.3d 1402, 1409 (9th Cir. 1995).

Initially, we must determine whether the AAA reports were publicly disclosed because they were potentially available to the public through a Freedom of Information Act ("FOIA") request. "In the FOIA context, information can not be deemed disclosed until a member of the public requests the information *and receives it* from the government. Only then is the information *actually*, rather than *theoretically* or *potentially*, available to the public." *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1520 (9th Cir. 1995), *vacated on other grounds*, 520 U.S. 939 (1997) (emphasis in original). Here, no member of the public requested the AAA reports or received them from the government prior to the date Relators filed their action. Thus, the reports were "theoretically or potentially available" to the public prior to Relators' suit, but they were not "actually" available and were not publicly disclosed under the FCA. *See Meyer*, 565 F.3d at 1201 ("[E]ven when the government has the information, it is not publicly disclosed under the Act until it is actually disclosed to the public.").

Further, the AAA reports were not publicly disclosed when the government provided them to EMP2, a private company hired by the government to audit the

energy performance savings contract ("ESPC"). In *Schumer*, the court distinguished public disclosures from "the release of information within a private sphere," stating that under a "practical, commonsense interpretation, . . . information that was disclosed in private has not been publicly disclosed." 63 F.3d at 1518 (internal quotation marks omitted); *see also Meyer*, 565 F.3d at 1200 (recognizing that information disclosed in private is not a public disclosure under the FCA). In *Seal 1 v. Seal A*, 255 F.3d 1154, 1161-62 (9th Cir. 2001), the court employed *Schumer*'s reasoning to hold that information was publicly disclosed because the government disclosed it to an "outsider to the [] investigation" with a "significant incentive (and no disincentive) to use the allegations" to his own advantage. Here, unlike the relator in *Seal 1*, EMP2 was not an "outsider" to the investigation, but rather was acting on behalf of the government and had an incentive to keep confidential the information learned during its audit. Thus, the government did not publicly disclose the AAA reports by providing them to EMP2.[2] Accordingly, we conclude the AAA reports did not constitute a "public disclosure" under § 3730(e)(4)(A).

---

[2]Additionally, the Inspector General Report's brief mention of the final AAA report does not trigger the public disclosure bar because the Report did not contain any of the "allegations or transactions" upon which Relators' action is based. *See United States ex rel. Found. Aiding the Elderly v. Horizon West, Inc.*, 265 F.3d 1011, 1015 (9th Cir. 2001).

4

Finally, we consider whether the GAO report was a "public disclosure" under § 3730(e)(4)(A). The GAO report disclosed generally that some contractors performing the 254 ESPCs granted between 1999 and 2003 had engaged in the activity Relators allege is fraudulent, but the report did not disclose the names of any contractors or specify any locations where an ESPC may have involved fraud. Because of the large number of ESPCs granted and the GAO report's lack of specificity, the report did not contain sufficient information to enable the government to pursue an investigation against Honeywell. Accordingly, the GAO report was not a "public disclosure" under § 3730(e)(4)(A). *See United States v. Alcan Elec. and Eng'g, Inc.*, 197 F.3d 1014, 1019 (9th Cir. 1999) (holding that the disclosure is a "public disclosure" within the meaning of the FCA if the "the prior public disclosure[] contained enough information to enable the government to pursue an investigation against [the defendant]").

Because neither the AAA reports nor the GAO report constituted "public disclosures" under § 3730(e)(4)(A), we reverse the judgment dismissing for lack of jurisdiction and remand for further proceedings.

**REVERSED and REMANDED**.